**FERNALD LAW GROUP LLP**
BRANDON C. FERNALD (BAR NO. 222429)
PAUL W. SANDE (BAR NO. 296357)
510 W. 6th St., Suite 700
Los Angeles, CA  90014
Telephone: (323) 410-0300
Facsimile:  (323) 410-0330
Email:      brandon.fernald@fernaldlawgroup.com
            paul@fernaldlawgroup.com

Attorneys for Plaintiff TAP WORLDWIDE, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAP WORLDWIDE, LLC, a Delaware limited liability company, | CASE NO.: _____ |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | **(1) TRADEMARK INFRINGEMENT** |
| REAL MOTOR WORKS, LLC, a Nevada limited liability company, d/b/a TAP AUTO PARTS; MIKE AGBAYANI; CHARLES MOORE; RICHARD ROWE; and DOES 1-10, inclusive, | **(2) FEDERAL TRADEMARK DILUTION**<br>**(3) FEDERAL CYBERPIRACY**<br>**(4) COMMON LAW TRADEMARK INFRINGEMENT**<br>**(5) STATUTORY UNFAIR COMPETITION** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff TAP Worldwide, LLC ("TAP Worldwide") alleges as follows:

**INTRODUCTION**

1.     TAP Worldwide is the leading national and international manufacturer, distributor and retailer of aftermarket automotive and truck parts and accessories for pickup trucks and SUVs.  TAP Worldwide and its predecessors have spent several decades and millions of dollars creating and advertising various brands, including, but not limited Transamerican Auto Parts or "TAP", ProComp Suspension and 4WheelParts to name only a few.  As a result, the TAP name and associated Marks (the "TAP Marks") have come to be associated by the trade and consuming public alike with high quality, innovative products manufactured and supplied by TAP Worldwide and its affiliates.  Defendant Real Motor Works, LLC d/b/a TAP Auto Parts ("RMW") recently began doing business under the name "TAP Auto Parts" in connection with the marketing and sale of aftermarket automotive and truck parts and accessories through its Internet website www.tapautoparts.com.  Defendants Mike Agbayani, Charles Moore, and Richard Rowe (collectively "Individual Defendants"), and each of them, are Managing Members of RMW and have, in their individual capacities, actively participated as a moving force in the decision to utilize the name "TAP Auto Parts" in connection with the marketing and sale of aftermarket automotive and truck parts.  In so doing, the Individual Defendants and RMW (collectively, "Defendants") have and continue to engage in trademark infringement, unfair competition, trademark dilution and cyberpiracy in violation of Federal and California State law.

**THE PARTIES**

2.     Plaintiff TAP Worldwide is a limited liability company organized under the laws of Delaware, with its principal place of business in Compton, California.

3.     Upon information and belief, RMW is a limited liability company organized under the laws of the State of Nevada and doing business as TAP Auto

Parts, with its principal place of business in Las Vegas, Nevada.  RMW does substantial, continuous and systematic business in the State of California and in this judicial district.

4.   Upon information and belief, Mike Agbayani is, and all times relevant was, a citizen of California residing in San Diego, California.

5.   Upon information and belief, Charles Moore is, and all times relevant was, a citizen of California residing in San Diego, California.

6.   Upon information and belief, Richard Rowe is, and all times relevant was, a citizen of California residing in San Diego, California.

7.   TAP Worldwide is ignorant of the true names and capacities of the defendants sued in this Complaint as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  TAP Worldwide will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct alleged in this Complaint, and TAP Worldwide's damages are actually and proximately caused by the conduct of such defendants.

## JURISDICTION AND VENUE

8.   This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and has supplemental jurisdiction under 28 U.S.C. §§ 1367(a) over Plaintiff's state law claims.

9.   Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to the claim occurred in the Central District of California.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.   TAP Worldwide is a leading national manufacturer, supplier and retailer of automotive, off-road parts and accessories headquartered in Compton, California. TAP.  TAP was founded in 1961 by George Adler as "Transamerican Auto Parts,"

1  and was operated out of Mr. Adler's garage.  At the time, TAP's focus was on the
2  developing Jeep enthusiast market in the U.S.

3      11.    Through continuous use over the last 50 years, the TAP Marks and
4  principally "TAP" have become extremely well known throughout the consumer and
5  commercial trade markets for pickup truck and SUV accessories, suspension
6  products, wheels, tires, and anything else associated with offroad parts, accessories
7  and upgrades.

8      12.    TAP Worldwide and its predecessors have utilized the TAP Marks
9  continuously since at least 1961, in conjunction with the marketing and sale of
10 aftermarket automotive and truck parts and accessories.  TAP Worldwide and its
11 predecessors have spent many millions of dollars over the years advertising and
12 promoting the TAP Marks.

13     13.    As a result of TAP Worldwide's and its predecessors' significant
14 investment in the TAP Marks, the TAP Marks have earned prominent brand
15 recognition and substantial good will.

16     14.    As a result of TAP Worldwide's and its predecessors' continuous use of
17 the TAP Marks over the past 50 years, the marks have obtained strong secondary
18 meaning indicating source with respect to products and services in the aftermarket
19 automotive and truck parts and accessories market.

20                    **DEFENDANTS' INFRINGING ACTIVITIES**

21     15.    Upon information and belief, RMW was formed in or about August 14,
22 2012 and does business as TAP Auto Parts.

23     16.    Upon information and belief, RMF and the Individual Defendants, have
24 directly or indirectly used and continue to use the TAP Auto Parts mark (the
25 "Infringing Mark"), and variations thereof, to sell aftermarket automotive and truck
26 accessories and parts by phone and through its Internet domain name
27 "www.tapautoparts.com" (the "Infringing Domain Name"). .

28

17.     Upon information and belief, in or about 2012, Defendants launched their e-commerce website with the subdomain name "shop.tapautoparts.com".

18.     Defendants' website states that "TAP Auto Parts is the go to source for performance car parts and accessories."

19.     Defendants, and each of them, actively and aggressively advertise the TAP Auto Parts mark (the "Infringing Mark"), and variations thereof, on social media websites including Facebook ("www.facebook.com/TapAutoParts"), Instagram ("www.instagram.com/tapautoparts"), and Twitter ("www.twitter.com/TAPAutoParts") (collectively, "Social Media Sites") by posting pictures, news articles and promotional advertisements that redirect the user to Defendants' e-commerce website.

20.     Upon information and belief, in addition to posting content to the Social Media Sites, Defendants includes "tag-lines" or "hash tags" so that other users can more easily search for a particular post or user.

21.     Upon information and belief, Defendants posted content under the TAP Auto Parts mark that included the taglines and/or hashtags "worldwide" and "4 Wheel Parts" in an effort to cause confusion, to cause mistake, and/or to deceive the trade and/or consuming public as to affiliation, connection or association of Defendants with TAP Worldwide and/or as to origin, sponsorship, or approval of services provided by TAP Worldwide and Defendant.

22.     Defendants, and each of them, also promote, advertise and market their services under the Infringing Mark through online off-road truck forums ("Off-Road Forums") such as tundras.com, titantalk.com, f150forum.com, clubtitan.com and tacomaforum.com by posting pictures, news articles and promotional advertisements that, upon clicking the provided link, redirect the reader to Defendants' online e-commerce website.

23.     Upon information and belief, after posting content on an Off-Road

1   Forum, the user can automatically input a "signature" that provides information about
2   himself or the company he represents.

3      24. Upon information and belief, Defendants routinely provide a signature
4   that states "TAP Auto Parts – Las Vegas – Worldwide" in an effort to cause
5   confusion, to cause mistake, and/or to deceive the trade and/or consuming public as
6   to affiliation, connection or association of Defendants with TAP Worldwide and/or
7   as to origin, sponsorship, or approval of services provided by TAP Worldwide and
8   Defendants.

9      25. Defendants' use of the Infringing Mark in the manner described herein
10  falsely indicates to the purchasing trade and/or consumer public that the goods and/or
11  services of Defendants originate with TAP Worldwide, or are sponsored, endorsed,
12  or approved by TAP Worldwide, or are in some manner related to TAP Worldwide.

13     26. Defendants' use of the Infringing Mark has caused substantial actual
14  confusion.  TAP Worldwide regularly receives calls from Defendants' customers
15  who are under the mistaken belief that Defendants are associated or affiliated with
16  TAP Worldwide.

17  **DEFENDANTS REFUSE TO VOLUNTARILY CEASE INFRINGEMENT**

18     27. TAP Worldwide recently learned of Defendants' infringing activities as
19  it began to receive, and continues to receive, phone calls from confused customers
20  who are under the mistaken impression that Defendants are affiliated with or the same
21  company as TAP Worldwide.

22     28. After learning of Defendants' infringing activities, counsel for TAP
23  Worldwide sent a letter to Defendants dated May 5, 2014 notifying Defendants of
24  their infringing activities and requesting that they immediately cease and desist from
25  further use of the "TAP" name and any other name or mark confusingly similar to
26  Plaintiff's TAP Marks.

27     29. Defendants responded by letter dated June 5, 2014 refusing to cease
28

their use of the Infringing Mark claiming that their mark is not confusingly similar to TAP Worldwide or TAP Automotive.

30.    In response, Counsel for TAP Worldwide sent another letter on June 16, 2014 explaining that, despite their claims to the contrary, TAP Worldwide had received several phone calls from its customers who were indeed confused.  Counsel for TAP Worldwide again urged Defendants to cease and desist their use of the Infringing Mark.

31.    To date, Defendants have failed to respond to the June 16th letter and have continued to use the Infringing Mark.

32.    Defendants' willful refusal to cease and desist their use of the Infringing Mark or to take any other reasonable steps to avoid confusion with TAP Worldwide or its associated marks, necessitates that this lawsuit proceed.

## **FIRST CLAIM FOR RELIEF**
### (**Federal Trademark Infringement, 15 U.S.C. § 1125**)

33.    TAP Worldwide realleges and incorporates by references the allegations contained in Paragraphs 1 through 32 as through fully set forth herein.

34.    By using the Infringing Mark in conjunction with the marketing and sale of aftermarket automotive and truck parts and accessories, Defendants have created actual confusion and a strong likelihood of continued confusion between itself and TAP Worldwide as to the designation, origin, approval or sponsorship of Defendants' products and services.

35.    Defendants' use of the Infringing Mark is without the permission, license or authority of TAP Worldwide, and constitutes a use in commerce.

36.    Defendants were aware of the TAP Marks when it began using the Infringing Mark, and did so in order to trade on and receive the benefit of the goodwill built up by TAP Worldwide and its predecessors at great labor and expense over many years.

37.     The acts of Defendants complained of herein constitute infringement due to false designation, origin, approval or sponsorship of the TAP Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

38.     The acts of Defendants described herein have been willful and in bad faith, making this a case within the meaning of 15 U.S.C. § 1117(a).

39.     The acts of Defendants have caused irreparable injury to TAP Worldwide and to the trade and/or consuming public and, unless restrained by this Court, will continue to cause irreparable injury to TAP Worldwide and to the trade and/or consuming public.  There is no adequate remedy at law for this injury.

40.     TAP Worldwide has been damaged by the acts of Defendants in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Federal Dilution By Blurring, 15 U.S.C. § 1125(c))

41.     TAP Worldwide realleges and incorporates by reference the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

42.     The TAP Mark is highly recognizable in the trade and amongst the consuming public and is thus famous and entitled to protection against dilution by blurring.

43.     The TAP Mark is inherently distinctive and has become synonymous with the sale of aftermarket automotive and truck parts and accessories through several decades of use and millions of dollars in advertising.

44.     The TAP Mark was distinctive and famous at the time Defendants began to use and it remains distinctive today.

45.     There is a high degree of similarity between the TAP Worldwide mark and the Infringing Mark, TAP Auto Parts.

46.     Upon information and belief, Defendants have advertised, promoted and sold products under the Infringing Mark, and continue to do so, with the intent to

create an association with the TAP Marks.

47.     Defendants' actions have caused and will continue to cause confusion, to cause mistake, and/or to deceive the trade and/or consuming public as to affiliation, connection or association of Defendants with TAP Worldwide and/or as to origin, sponsorship, or approval of services provided by TAP Worldwide and Defendants, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48.     The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

49.     The acts of Defendants have caused irreparable injury to TAP Worldwide and to the trade and/or consuming public and, unless restrained by this Court, will continue to cause irreparable injury to TAP Worldwide and to the trade and/or consuming public.  There is no adequate remedy at law for this injury.

50.     TAP Worldwide has been damaged by the acts of Defendants in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Federal Cyberpiracy and Cybersquatting, 15 U.S.C. § 1125(d))

51.     TAP Worldwide realleges and incorporates by reference the allegations contained in Paragraphs 1 through 50 as though fully set forth herein.

52.     As alleged above, Defendants has registered, trafficked in, and used the Infringing Domain Name that contains or consists of the TAP Marks.  Defendants have undertaken its activities with respect to the Infringing Domain Name using a privacy protection service, "WHOISGUARD, INC", that prevents TAP Worldwide from discovering the Doe Defendant's true identity through publically available information.

53.     Doe Defendant and/or Defendants have registered and are using the Infringing Domain Name without TAP Worldwide's authorization and with a bad faith intent to profit from TAP Worldwide's marks, in violation of Section 43(d) of

the Lanham Act, 15 U.S.C. § 1125(d).

54.     TAP Worldwide's marks were distinctive and famous at the time the Defendants registered the Infringing Domain Name and remains distinctive today.

55.     The Infringing Domain Name was confusingly similar to the TAP Worldwide mark at the time Defendants registered the Infringing Domain Names, and remains so today.

56.     The Infringing Domain Name does not resolve to websites owned by TAP Worldwide.  Rather, it resolves to a website controlled by the Defendants, which profits from its use.

57.     Defendants did not believe and could not reasonably have believed that its use of the Infringing Domain Name constituted fair use or was otherwise lawful.

58.     The acts of Defendants have caused irreparable injury to TAP Worldwide and to the trade and/or consuming public and will continue to cause irreparable injury to TAP Worldwide and to the trade and/or consuming public unless this Court enjoins Defendants' conduct and orders that the Infringing Domain Name be transferred to TAP Worldwide.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

59.     TAP Worldwide realleges and incorporates by reference the allegations contained in Paragraphs 1 through 58 as though fully set forth herein.

60.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of California.

61.     The acts of Defendants described herein have been willful and in bad faith.

62.     The acts of Defendants described herein have caused irreparable injury to TAP Worldwide and to the trade and/or consuming public and, unless restrained by this Court, will continue to cause irreparable injury to TAP Worldwide and to the

trade and/or consuming public.  There is no adequate remedy at law for this injury.

63.    TAP Worldwide has been damaged by the acts of Defendants in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF

**(Statutory Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

64.    TAP Worldwide realleges and incorporates by reference the allegations contained in Paragraphs 1 through 63 as though fully set forth herein

65.    Defendants' conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code §§ 17200, *et seq.*

66.    As a direct and proximate result of Defendants wrongful conduct, TAP Worldwide has suffered injury in fact, which injuries include damage to TAP Worldwide's goodwill and potential customers.  Defendants' conduct has also caused damage to the trade and/or consuming public.

67.    Defendants' wrongful conduct has proximately caused and will continue to cause TAP Worldwide substantial injury, including loss of potential revenues, dilution of goodwill, confusion of potential partners and customers, and diminution of the value of TAP Worldwide's products.

68.    The harm that Defendants' continued wrongful acts will cause to TAP Worldwide is both imminent and irreparable, and the amount of damage sustained by TAP Worldwide will be difficult to ascertain if the acts continue.  TAP Worldwide has no adequate remedy at law.  TAP Worldwide is therefore entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful and wrongful conduct.

**JURY DEMAND**

69.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TAP Worldwide requests a jury trial of all issues that may be tried to a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, TAP Worldwide prays for an Order and Judgment as follows:

1.     Defendants, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined from:

     a.    Using or registering the Infringing Mark or the TAP Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the TAP Marks including, but not limited to: TAP Auto Parts, TAP Auto Part, TAP Auto, TAPAutoParts, TAPAuto, and TAP Auto Parts.com;

     b.    Otherwise infringing the TAP Marks;

     c.    Causing actual confusion, a likelihood of confusion, injury to TAP Worldwide's goodwill, reputation, and proven business success, and/or dilution or blurring of the distinctiveness of the TAP Marks;

2.     Directing Defendants to transfer to TAP Worldwide (at no cost to TAP Worldwide) all domain names that contain or consist of the TAP Marks, including but not limited to www.tapautoparts.com and shop.tapautoparts.com;

3.     An order, pursuant to 15 U.S.C. § 1118, requiring Defendants to preserve through trial and then deliver to the Court for destruction, or show proof of destruction of, any and all  Internet webpages / scripts / html code, articles, products, labels, signs, prints, advertisements, signage, building design(s), packages, wrappers, catalogs, internet web pages, and any other materials in its

possession or control bearing or depicting the Infringing Mark, or TAP Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s));

4. An order requiring Defendants to take all steps necessary to cancel any state or local business registrations, including corporate name registrations and dba filings, that include any TAP Mark name or marks or amend those registrations to names that do not include any TAP Mark, and to remove any references to any business registrations, including corporate names and dba filings, that include TAP Worldwide's name or marks;

5. An order requiring Defendants to retain and disclose all communications with all individuals and entities with whom they engaged in any transaction relating to or arising from the sue of TAP Worldwide' s names or marks, or otherwise in furtherance of the scheme alleged herein;

6. An accounting be directed to determine the profits of Defendants resulting from the activities complained of herein, and that such profits be paid to TAP Worldwide, increased as the Court finds to be just under the circumstances of this case;

7. An order directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve on TAP Worldwide within thirty (30) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

8. TAP Worldwide recover all damages it has sustained as a result of the activities of Defendants as set forth herein;

9. TAP Worldwide be awarded treble damages pursuant to 15 U.S.C. § 1117;

10. TAP Worldwide be awarded its costs and fees related to this action, including but not limited to, reasonable attorneys fees;

1        11.    An order requiring Defendants to pay a judgment for enhanced

2    damages under 15 U.S.C § 1117;

3        12.    TAP Worldwide be awarded prejudgment and post-judgment interest;

4    and

5        13.    TAP Worldwide be granted such other and further relief, in law or in

6    equity, as the Court may deem just and proper.

7

8    DATED: July 14, 2014                  **FERNALD LAW GROUP LLP**
                                                   BRANDON C. FERNALD

9                                                  PAUL W. SANDE

10

11                                     By:  */s Brandon C. Fernald*
                                                   BRANDON C. FERNALD

12

13                                     Attorneys for Plaintiff
                                       TAP WORLDWIDE, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28